

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00073-CR

_____

ROY CHESTER BROWN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0921248

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Roy Chester Brown, Jr., was convicted of burglary of a habitation and was sentenced to thirty years' incarceration. On appeal, he argues that his conviction should be reversed and remanded since he "was not present during his trial on the merits due to injuries he had received." We will affirm the trial court's judgment.

Even though the issue is not clearly stated as such, we interpret Brown's argument to allege that the trial court erred in failing to grant a continuance.[1] The evidence shows that Brown was present for the commencement of the trial when the jury was selected, but failed to appear for the trial one week later. The trial court overruled an oral motion for continuance, and the case was tried to the jury.

When a defendant voluntarily absents himself or herself after pleading to the indictment or after the jury has been selected, the trial may proceed to its conclusion. TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006). After a warrant was issued for Brown's arrest, he was present for the sentencing hearing.

Brown's only argument is that he was unable to attend the trial due to injuries. He equates that situation to a defense in a bail jumping trial and urges that he had a reasonable excuse for failing to appear. It is a defense to the charge of bail jumping that the defendant had a reasonable excuse for his or her failure to appear. TEX. PENAL CODE ANN. 38.10(c) (Vernon 2003). Since this is not a bail jumping case, that statutory defense is not available. Further, there is no evidence

---

[1]The State has failed to file a brief, even though we granted the State's motion for an extension.

of Brown's injuries.   Finally, a motion for continuance must be written showing sufficient cause; the trial court's denial of an unsworn, unwritten motion for continuance presents nothing for appellate review.   *Dewberry v. State*, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999).

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:      February 16, 2011
Date Decided:        February 17, 2011

Do Not Publish

3